**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**COMMUNICATIONS CENTER, INC.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No.  6:05-cv-1254-Orl-31UAM**

**TAKAKO KOMATSU and DAVID
PRATHER,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

The Court conducted a hearing on August 7, 2007, on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO HOLD DEFENDANTS IN CONTEMPT (Doc. No. 62)** |
| **FILED:** | **June 13, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

On February 23, 2007, the Court entered judgment in the amount of $12,414.44 in favor of plaintiff, Communications Center, Inc. against *pro se* defendants Takako Komatsu and David Prather. Doc. 50.  When Defendants failed to appear for depositions in aid of execution of judgment after they had been subpoenaed, Plaintiff moved for an order compelling Defendants to comply.  Doc. 54.  The Court granted the motion, and ordered Defendants to appear for their depositions at a mutually agreed upon date and time prior to June 15, 2007.  Doc. 55.  The Court further warned Defendants that

failure to cooperate in scheduling the deposition or failure to appear for the deposition may result in sanctions, including but not limited to, monetary sanctions. *Id*. The Court denied Plaintiff's request for fees related to bringing the motion to compel. *Id*.

When Defendants failed to comply with the Court's order, and after having been subpoenaed a second time, Plaintiff moved that Defendants be held in contempt. Doc. 62. Plaintiff asked that the Court cause Defendants to be arrested and held until the depositions could be taken, and for its fees and costs related to its attempts to take the Defendants' depositions. *Id*. at 2.

The Court conducted a hearing on August 7, 2007, at which both Defendants appeared, as well as Plaintiff's counsel. Defendants stated that they did not appear for their depositions because they believed that they had no further obligation based on representations by Plaintiff's former counsel. The Court informed Defendants that they were obligated to comply with Court orders.

The Court ordered Plaintiff's counsel to file an affidavit and itemized billing statement supporting the requested fees and costs. Doc. 67. The Court further directed Plaintiff's counsel to confer with Defendants by telephone or in person in an effort to resolve both the amount of the fees and costs and the outstanding discovery requests. *Id*. Plaintiff's counsel filed an affidavit stating that Defendants have agreed to appear for depositions on September 13, 2007, and to bring the requested documents. Doc. 68. Plaintiff also requests $500 in attorneys' fees and $290 in costs. Doc. 68, 69. Plaintiff's counsel's affidavit does not state Defendants' position as to the amount of fees and costs.

Plaintiff's fee request includes .5 hours spent preparing the motion to compel and .2 hours reviewing the court's order on the motion to compel. Doc. 68. The Court previously denied Plaintiff's request for fees related to the preparation of this motion, and believes it is inappropriate to award these fees at this time. The remainder of Plaintiff's fee request relates to the motion that

Defendants be held in contempt, and Defendants attempt to seek a protective order regarding the depositions. The Court finds that the 1.3 hours spent on these efforts was appropriate and that the billing rate of $250 per hour is reasonable. The Court recommends that Defendants be required to pay Plaintiff $325 in attorneys' fees (1.3 hours x $250 per hour).

As to Plaintiff's request for costs, Plaintiff claims court reporter fees of $210 and service fees of $80. Doc. 69. The affidavit fails to explain what these fees were for, when they were incurred, or that they were necessary to the case. Assuming the service fees are for the deposition subpoenas, subpoenas generally are unnecessary to compel a party to attend depositions. Fed. R. Civ. P. 30. Certainly after the Court ordered the Defendants to appear for deposition, any subpoenas served after that time were unnecessary. As there is no detailed statement from which the Court can determine the reasonableness of the service fee, they Court recommends that this cost be denied. Similarly, Plaintiff fails to provide sufficient detail to assess whether costs for court reporter fees should be assessed and whether those costs are reasonable.

**IT IS RECOMMENDED THAT:**

The Court grant in part and deny in part Plaintiff's motion to hold Defendants in contempt. The Court should require Defendants to pay to Plaintiff the sum of $325, and that this obligation should be joint and several. The Court should deny all further relief requested by Plaintiff.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 28, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Gregory A. Presnell
Counsel of Record
Unrepresented Parties