**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**COMMUNICATIONS CENTER, INC.,**

        **Plaintiff,**

-vs-                                        **Case No. 6:05-cv-1254-Orl-31UAM**

**TAKAKO KOMATSU and DAVID
PRATHER,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION FOR WRIT OF GARNISHMENT (Doc. No. 76)**
>
> **FILED:**       **November 29, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

    Plaintiff moves post-judgment for issuance of a Continuing Writ of Garnishment. Plaintiff's motion seeks the issuance of a continuing writ to garnish the wages of Defendant David Prather to satisfy the judgment of $12,414.44 (Doc. 50), post-judgment interest of $341.78, and $325 in "post judgment fees." The "post judgment fees" were imposed by the Court to compensate Plaintiff for attorneys' fees expended in having to bring the Motion to Hold Defendants in Contempt. Doc. 71, 72. Defendants' motion for a payment plan to pay these fees is the subject of a motion currently

pending before the District Judge.  Doc. 74.  Plaintiff also seeks $20 for the costs of the garnishment action.  Prather has filed no response to the motion for continuing writ of garnishment.

Proceedings supplementary to execution of a judgment shall proceed "in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought."   See Fed. R. Civ. P. 69(a).  Under Florida law, garnishment is governed by, *inter alia*, Fla. Stat. § 77.01, *et. seq.*  Specifically, Fla. Stat. § 77.0305 allows the Court to issue a continuing writ of garnishment to the judgment debtor's employer to satisfy a judgment.  Florida courts have interpreted the garnishment provisions to include garnishment of post-judgment interest.  *See, First Union Nat'l Bank of Fla. v. Knyal,* 874 So.2d 716, 717 (Fla. 4th App. Dist., 2004) (granting petition for writ of mandamus directing the circuit court to issue continuing writ of garnishment for the judgment and post-judgment interest).

Plaintiff's motion cites no authority to garnish fees awarded by the Court that are in the nature of sanctions and are not reduced to a judgment.  The Court located no cases which permitted garnishment of fees pursuant to Fla. Stat. § 77.0305.  Further, a similar Florida statute that permits a continuing writ of garnishment for payment of an order or judgment regarding alimony or child support has been held to exclude attorneys' fees from garnishment.  *Reyf v. Reyf*, 620 So.2d 218, 219 (Fla. 3d App. Dist. 1993) (interpreting garnishment provisions of Fla. Stat. § 61.12).  As Plaintiff has failed to identify any authority that would permit the Court to garnish wages for payment of attorneys' fees under these circumstances, the Court should exclude these fees from the continuing writ of garnishment.

Similarly, Plaintiff fails to cite any authority that it is proper to include the $20 "costs of the garnishment  action" in the continuing writ of garnishment.

**IT IS RECOMMENDED THAT:**

1. The Court grant in part and deny in part Plaintiff's motion for a continuing writ. The writ should include the judgment of $12,414.44 and post-judgment interest of $341.78, for a total of $12,756.22.

2. The Court issue the Continuing Writ of Garnishment Against Salary or Wages in the form presented by Plaintiff, except that the outstanding amount should be changed to $12,756.22.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 14, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Gregory A. Presnell
Counsel of Record
Unrepresented Party