**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**COMMUNICATIONS CENTER, INC.,**

              **Plaintiff,**

-vs-                                                Case No. 6:05-cv-1254-Orl-31GJK

**TAKAKO KOMATSU and DAVID**
**PRATHER,**

              **Defendants.**

_____

**ORDER**

      This matter comes before the Court on the Amended Renewed Motion for Judgment on the Pleadings (Doc. 90) filed by the Plaintiff, Communications Center, Inc. ("CCI").

      Judgment was entered in favor of CCI and against the Defendants, jointly and severally, in the amount of $12,414.44, on February 23, 2007. (Doc. 50). On January 8, 2008, this Court entered a "Continuing Writ of Garnishment Against Salary or Wages" (henceforth, the "Writ") (Doc. 80) in favor of CCI; the garnishee was Prather's employer. On February 25, 2008, the garnishee filed an answer to the Writ. (Doc. 84). On March 13, 2008, CCI filed what it styled a "Motion for Judgment on the Pleadings." (Doc. 85). This one-paragraph motion sought entry of a "Final Judgment of Continuing Writ of Garnishment Against Salary" on the sole ground that "there is no material issue of fact and Plaintiff is entitled to a Final Judgment of Continuing Writ of Garnishment as a matter of law." (Doc. 85 at 1). No further explanation was offered. The motion was denied by endorsed order (Doc. 86), with the Court noting that the pleadings had long since closed and no motion for entry of a writ of garnishment was then pending. CCI was directed

to file "a motion and memorandum of law in support of that motion, explaining the relief it seeks and its legal entitlement to that relief.". (Doc. 86).

On March 27, 2008, CCI filed a "Renewed Motion for Judgment on the Pleadings and Entry of Final Judgment of Continuing Writ of Garnishment Against Salary or Wages" (the "Renewed Motion"). (Doc. 88). The accompanying memorandum of law noted that the Writ had been served against Prather's employer pursuant to Florida Statute § 77.0305, asserted that Prather had not claimed exemption of any of his wages, and sought entry of "an Order, the form of which is attached to [CCI's] Motion, directing these sums be paid to [CCI]." (Doc. 88 at 6). On April 7, 2007, the undersigned denied the Renewed Motion without prejudice, noting that it again sought garnishment rather than judgment on the pleadings and was subject to the requirements of Local Rule 3.01(g), which had not been fulfilled. The Court also noted that Prather had filed a claim of exemption (Doc. 87) three days earlier, and directed CCI that if it wished to obtain a writ of garnishment, it must address the issue of Prather's claimed exemption. (Doc. 89 at 1).

CCI has now filed an "Amended Renewed Motion for Judgment on the Pleadings and Entry of Final Judgment of Continuing Writ of Garnishment Against Salary Or Wages". (Doc. 90). In it, counsel for CCI asserts that he attempted to comply with Local Rule 3.01(g) by calling a particular phone number and leaving a message on the answering machine, which did not identify the owner of the machine. (Doc. 90 at 1). The instant motion does not explain why that number was called (i.e., whose number it might have been), what message was left, whether any response was received, or how long counsel waited for a response before filing the instant motion. Counsel for CCI also asserts that he did not believe that compliance with Local Rule 3.01(g) was necessary, as it "does not require compliance when filing Motion [sic] for Judgment on the Pleadings, which

is exactly what the Plaintiff is requesting in this Motion." CCI contends that it does not seek another writ of garnishment, but rather a final judgment determining that the monies held by Prather's employer should be paid to CCI.[1]

Very well. Under federal law, a motion for judgment on the pleadings is governed by Rule 12(c), which provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." In assessing a motion for judgment on the pleadings, the court may not consider matters outside the pleadings. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Under Federal law, the "pleadings" are limited to the following documents: a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer. Fed.R.Civ.P. 7(a).

It appears that CCI is seeking judgment on the basis of "pleadings" between itself and Prather's employer, such as the Writ (Doc. 80) and Prather's employer's answer to the Writ (Doc. 84), which specifies the amount being withheld from Prather's paycheck, among other things. It should be obvious that the complaint and other pleadings in this case do not demonstrate CCI's entitlement to a writ of garnishment or a to a judgment against Prather's employer compelling it to pay the withheld amounts to CCI. Moreover, insofar as this motion might be construed as something other than a motion for judgment on the pleadings, it is subject to Local Rule 3.01(g), but lacks sufficient detail for the Court to evaluate compliance with that rule. And in any event,

---

[1] CCI asserts that it attached a copy of the proposed judgment to its motion, but the only attachment is a copy of the answer filed by Prather's employer. (Doc. 90 at 2).

contrary to the Court's previous order (Doc. 89), the instant motion does not address the issue of Prather's claimed exemptions (Doc. 87) and is subject to denial on that basis.

In consideration of the foregoing, it is hereby **ORDERED** that the so-called Amended Renewed Motion for Judgment on the Pleadings (Doc. 90) filed by the Plaintiff, Communications Center, Inc. ("CCI") is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 18, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party