# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**COMMUNICATIONS CENTER, INC.,**

        **Plaintiff,**

-vs-                                        Case No. 6:05-cv-1254-Orl-31GJK

**TAKAKO KOMATSU and DAVID PRATHER,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR CONTINUING WRIT OF GARNISHMENT (Doc. No. 96)** |
| **FILED:** | June 6, 2008 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**

Plaintiff moves post-judgment for issuance of a Continuing Writ of Garnishment ("Motion"). Plaintiff's Motion seeks the issuance of a continuing writ to garnish the wages of Defendant Takako Komatsu to satisfy the judgment of $12,414.44 (Doc. 50) and post-judgment interest of $667.69 for a total of $13,082.13. Doc. No. 96 at ¶ 1.

Proceedings supplementary to execution of a judgment shall proceed "in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought." See Fed. R. Civ. P. 69(a). Under Florida law, garnishment is governed by,

*inter alia*, Fla. Stat. § 77.01, *et. seq.* Specifically, Fla. Stat. § 77.0305 allows the Court to issue a continuing writ of garnishment to the judgment debtor's employer to satisfy a judgment without prior notice to the judgment debtor. *United Presidential Life Insurance Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978) ("Postjudgment garnishment does not involve the freezing of debtor assets pending adjudication as to the validity of the underlying debt. Instead, it merely provides a procedure for the enforcement of the judgment against those assets. Therefore, we hold that neither due process under the Fourteenth Amendment of the United States Constitution nor any provision of the Florida Constitution requires prior notice to a judgment debtor and a hearing before a writ of garnishment may issue"). Federal law also supports post-judgment issuance of writs of garnishment without prior notice to the judgment debtor. *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1363 (5th Cir. 1976) (holding that due process of law does not require a hearing and an opportunity to be heard prior to issuing a writ of garnishment).[1] Florida courts have interpreted the garnishment provisions to include garnishment of post-judgment interest. *See, First Union Nat'l Bank of Fla. v. Knyal,* 874 So.2d 716, 717 (Fla. 4th App. Dist., 2004) (granting petition for writ of mandamus directing the circuit court to issue continuing writ of garnishment for the judgment and post-judgment interest). Thus, under federal and state law post-judgment writs of garnishment may be issued without prior notice to the judgment debtor and such writs may include post-judgment interest.

**IT IS RECOMMENDED THAT:**

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (decisions from the Fifth Circuit prior to October 1, 1981, are binding on the Eleventh Circuit).

1. The Court grant Plaintiff's Motion (Doc. No. 96) for a continuing writ. The writ should include the judgment of $12,414.44 and post-judgment interest of $667.69, for a total of $13082.13.

2. The Court issue the Continuing Writ of Garnishment Against Salary or Wages in the form presented by Plaintiff.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended at Orlando, Florida on June 9, 2008.

Copies furnished to:
The Honorable Gregory A. Presnell
Counsel of Record
Unrepresented Party

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE