# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**COMMUNICATION CENTER INC.,**

      **Plaintiff,**

**-vs-**               **Case No. 6:05-cv-1254-Orl-31GJK**

**TAKAKO KOMATSU and DAVID PRATHER,**

      **Defendants,**

_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

  This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO CONTINUING WRITS OF GARNISHMENT SERVED ON DEFENDANT'S EMPLOYERS** (Doc. No. 105) |
| **FILED:** | October 24, 2008 |

**THEREON** it is **RECOMMENDED** that the **MOTION** be **DENIED and the writs be dissolved**.

  On February 23, 2007, a judgment (the "Judgment") was entered on behalf of Communications Center, Inc. (the "Plaintiff") and against Takako Komatsu and David Prather (the "Defendants"), jointly and severally, in the amount of $12,414.44. Doc. No. 50. On January 8, 2008, the Court entered a Continuing Writ of Garnishment Against Salary or Wages (the "Writ") to Defendant David Prather's ("Prather") employer. Doc. No. 80. On February 19, 2008, Plaintiff

served Prather with a Notice to Defendant and Interested Parties (the "Notice") regarding Prather's right to move to dissolve the Writ. Doc. No. 82. On February 25, 2008, Cunningham Field and Research Service, Inc. (the "Garnishee"), Prather's employer, filed an Answer to the Writ. Doc. No. 84.

On March 13, 2008, Plaintiff filed a Motion for Judgment on the Pleadings, which was denied by the Court on the same day. Doc. Nos. 85, 86. On March 24, 2008, pursuant to Section 77.041, Florida Statutes (2008), Prather filed a Claim for Exemption and Request for Hearing ("Prather's Claim") stating his wages were exempt from garnishment because he provides more than one-half the support for a child or other dependent. Doc. No. 87. On March 27, 2008, Plaintiff filed a Renewed Motion for Judgment on the Pleadings and Entry of Final Judgment of Continuing Writ of Garnishment Against Salary or Wages (the "Renewed Motion"). Doc. No. 88. In the Renewed Motion, Plaintiff asserted that Prather had not claimed exemption for any of his wages and sought entry of an order directing that the sums held by the Garnishee be paid to Plaintiff. Doc. No. 88 at 6. On April 7, 2008, the Court denied the Renewed Motion without prejudice, noting that the motion sought garnishment rather than judgment on the pleadings, did not comply with Local Rule 3.01(g), and that Prather had filed a claim for exemption. Doc. No. 89.

On April 14, 2008, Plaintiff filed an Amended Renewed Motion for Judgment on the Pleadings and Entry of Final Judgment of Continuing Writ of Garnishment Against Salary or Wages (the "Amended Motion"). Doc. No. 90. On April 16, 2008, some twenty-three days after Prather's Claim was asserted, Plaintiff filed an unsworn response (the "Response") to Prather's Claim for exemption. Doc. No. 91. In the Response, Plaintiff contested the factual allegation that Prather is entitled to a "head of household" exemption. Doc. No. 91 at ¶¶ 2-3. In the Response, Plaintiff also states that Prather's Claim is untimely because it was not filed within twenty days after Prather

2

received notice of the Writ. *Id*. at ¶ 4 (citing §§ 77.055, 77.07 Florida Statutes (2008)). On April 18, 2008, the Court denied the Amended Motion, noting that it did not address Prather's Claim. Doc. No. 92.

On June 5, 2008, Plaintiff filed a Motion for Continuing Writ of Garnishment (the "Second Writ") seeking to garnish the wages of Defendant Takako Komatsu ("Komatsu"). Doc. No. 96. On June 27, 2008, the Court entered an order authorizing the Second Writ. Doc. No. 99.

On September 23, 2008, Plaintiff filed a Motion for Entry of Final Judgment Pursuant to Continuing Writs of Garnishment Served on Defendant's Employers (the "Motion for Judgment"). The Motion for Judgment sought and order directing the Garnishee to pay to Plaintiff the monies withheld from Prather and an order discharging Komatsu's employer from any further liability. Doc. No. 102 at 5. The Motion for Judgment failed to comply with Local Rule 3.01(g), and was denied without prejudice on October 9, 2008. Doc. No. 104.

On October 24, 2008, Plaintiff filed the present Amended Motion for Entry of Final Judgment Pursuant to Continuing Writs of Garnishment Served on Defendant's Employers (the "Motion"). Doc. No. 105. In the Motion, Plaintiff again seeks: (1) a judgment discharging Komatsu's employer from further liability; (2) a judgment against the Garnishee; (3) an order directing the Garnishee to pay to Plaintiff the monies withheld from Prather; and (4) an order directing the Garnishee to continuing paying Plaintiff from monies withheld from Prather until the Judgment is satisfied. Doc. No. 105 at 5. In the Motion, Plaintiff again states that it did not confer with Prather prior to filing the Motion, but attaches copies of an email and a letter sent to Prather. Doc. No. 105 at 5. Plaintiff states that it has continually tried to contact Prather by phone and has left numerous voicemails with Prather. *Id*. Plaintiff requests that the Court waive the requirement under Local Rule 3.01(g) that Plaintiff actually confer with Prather prior to bringing the Motion. *Id*.

Pursuant to Local Rule 1.01(c), and in the interests of justice, the Court will suspend the requirements of Local Rule 3.01(g) in order to rule on the merits of the Motion. *Id*.

Section 77.041(3), Florida Statutes (2008) states:

> (3) Upon the filing by a defendant of a claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions. <u>If the plaintiff does not file a sworn written statement that contests the defendant's claim of exemption within 3 business days after hand delivering the claim and request or, alternatively, 8 business days, if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail</u>.

*Id*. (emphasis added). The Response was filed twenty-three days after Prather's Claim was filed. Furthermore, the Response was not a sworn statement contesting the facts of Prather's Claim. Section 77.041(3), Florida Statutes plainly states that if a sworn response to Prather's Claim is not filed within eight days, the "clerk must automatically dissolve the writ." *Id*.

Based on the forgoing, the undersigned recommends that the Motion be DENIED and the Writ be dissolved.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 13, 2008.

Copies furnished to:
The Honorable Gregory A. Presnell
Counsel of Record
Unrepresented Party

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE